## No. 646

### McNALLY-DOYLE CO. v. DAILEY

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7628. Decided July 5, 1927.

Judges Farr and Pollock, 7th Dist., sitting with Judge Vickery.

225. CHARGE OF COURT—465. Error—

1. Where charge contains no prejudicial error, presumption is that jury had issue fully submitted to it and law properly stated and that verdict is in accordance with law and evidence.

2. Charge so given, that jury may reasonably regard it as confining them, upon question of contributory negligence, to evidence given by plaintiff, is misleading and therefore erroneous.

Error to Common Pleas. Judgment affirmed.

**First Publication of this Opinion**

FARR, J.

This action grew out a collision between two trucks, one driven by Charles Cooper for the McNally-Doyle Co. and the other driven by Thomas Dailey for the Baum Ice Cream Co. Dailey claimed to have received certain injuries. He brought an action against McNally-Doyle Co. and the Cuyahoga Common Pleas rendered a verdict in favor of Dailey upon which judgment was entered.

Error was prosecuted by the Company and it was claimed that the court erred in its charge and that the judgment was against the weight of the evidence.

It is urged that the instruction as to contributory negligence was erroneous in that it confined the testimony to that of plaintiff, when it should have included all of plaintiff's evidence. This contention is sustained by the principle announced in Robinson v. Cary; 28 OS. 241.

"A charge of the court in such case, so given to the jury that they may reasonably regard it as confining them, upon the question of contributory negligence, to the evidence given only on part of the defendant, is misleading and therefore erroneous."

An examination of the record in this behalf discloses no testimony by the plaintiff or any of his witnesses showing contributory negligence upon his part. It is evident that the jury could not have been misled by this instruction, and while it was erroneous, it was not prejudicially so, especially in view of the fact that it really inured to the benefit of the defendant company; because it offered the jury an additional opportunity to find in behalf of the defendant.

There being no prejudicial error in the charge of the trial court the presumption is that the issues were fully submitted to the jury and the law properly stated and the verdict was therefore in accordance with the law and the evidence. Newman's Lessee v. Cincinnati, 18 Ohio 334.

Judgment affirmed.

(Pollock and Vickery, JJ., concur).

Attorneys—Dustin, McKeehan, Merrick, Arter & Stewart for Company, Frank Morton for Dailey; all of Cleveland.